IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA M.[1]<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-704 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Cynthia M appeals the denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. After careful consideration of the entire extensive record and the parties' briefs, the Commissioner's decision is affirmed, and Ms. M's Motion for Review of Agency Action is denied for the reasons set forth herein.[2]

## PROCEDURAL HISTORY

This case has a long history. Plaintiff first applied for benefits in 2007, when she claimed disability in 2006 due to headaches, neck pain, PTSD, affective disorder, depressive disorder, and personality disorder. Following the denial of her application in 2009 by an Administrative Law Judge (ALJ), the agencies' Appeals Council remanded for additional proceedings. A second ALJ heard the matter and again found Plaintiff not disabled in 2013. An appeal to this court

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

followed, and the matter was remanded to the Agency in 2016. The second ALJ again found Plaintiff not disabled in 2017, and the Appeals Council once again remanded for further proceedings. A third ALJ was then assigned to hear Plaintiff's case. The third ALJ found Plaintiff not disabled in June 2018 and following an affirmance by the Appeals Council, the matter was then filed again in this court. The 2018 decision from the third ALJ stands as the Commissioner's final decision for purposes of judicial review.[3] *See* 20 C.F.R § 404.984(b)(2).

## BACKGROUND

Plaintiff claims disability due to multiple conditions. In finding Plaintiff not disabled, the ALJ followed the familiar five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 303.1520(a)(4). First, the ALJ found Plaintiff did not engage in any substantial gainful activity since her alleged onset date of August 4, 2006. Next, at step two, the ALJ found Plaintiff had the severe impairments of degenerative disc disease, generalized anxiety disorder, post-traumatic stress disorder (PTSD), and personality disorder not otherwise specified. (Tr. 1168). After finding that none of Plaintiff's impairments or combination of impairments equals a listing, the ALJ considered the large volume of medical evidence in the record. This included evidence from a variety of doctors and those with Ph.D.s in medical fields.[4] Based on the evidence the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work with certain additional limitations. Finding Plaintiff could not perform any past relevant work, the

---

[3] This case is symbolic of the many flaws and problems with this nation's social security system. The undersigned is left to wonder why there has not been the creation of a specialized court to consider social security appeals. This has been done in other areas, such as patent law or tax law. Or, at a minimum, some intervention by congress to help streamline the process. It strains credulity to think that one application needs consideration by three ALJs, multiple Appeals Council reviews, and now two reviews by this court. The foundational premise of the Federal Rules is to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. That premise is clearly lacking in the social security adjudication system.

[4] These included Richard Ingebretson, Joseph Nelson, Edwin Christensen, Michael Schreiner, Jonathan Ririe, Craig Swaner, Juan Mejia, Donald Blackman, Kathy Barnett, Michael Enright, Stacy Rich, and Dr. Devere, the independent medical expert that appeared at Plaintiff's October 2012 hearing.

ALJ turned to step five, where the ALJ found Plaintiff capable of performing other work existing in significant numbers in the national economy. Representative occupations included housekeeping cleaner, cleaner polisher, and a laundry folder. Thus, the ALJ concluded Plaintiff was not disabled. (Tr. 1182).

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## DISCUSSION

It is clear from the record that Plaintiff has faced some serious challenges in her life. Some of these challenges led to Plaintiff's PTSD, along with other severe impairments. The question, however, is not whether Plaintiff has severe impairments as it is clear she does. Rather, the questions are whether Plaintiff can still work despite her medical conditions, whether the ALJ's determination that she can work is supported by substantial evidence, and whether the correct legal standards were applied in making that determination.

### A. Plaintiff's step two arguments fail

Plaintiff first argues the ALJ erred by improperly analyzing her severe impairments at step two. Plaintiff asserts that she has certain medically determinable impairments (MDI) that were not properly considered by the ALJ. These include her headaches/migraines, arthritic hands, and PTSD. Under the regulations "a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. A claimant's "statement of symptoms" a diagnosis, or medical opinion, will not suffice by itself to establish an impairment. Moreover, an MDI must also significantly limit physical or mental abilities to do work activities for it to be considered severe. *See* 20 C.F.R. § 404.1522(a); *Cowan v. Astrue*, 552 F.3d 1182, 1186, (10th Cir. 2008) ("while the showing a claimant must make at step two is de minimis, a showing of the mere presence of a condition is not sufficient"); *Hawkins v. Chatter*, 113 F.3d 1162, 1169 (10th Cir. 1997).

### (i) Plaintiff's headaches/migraines

Plaintiff argues res judicata or claim preclusion should apply to this case because a prior ALJ determined her headaches to be an MDI. The court disagrees. Subsequent ALJs are not bound to accept a prior ALJ's findings from a claimant's earlier hearings. *Gonzales v. Colvin*, 515 F. App'x 716, 720, 2013 WL 602932, at *4 (10th Cir. 2013) ("Res judicata may apply in a social security case when a previous determination is made about the claimant's rights "on the same facts and on the same issue or issues, and this previous determination has become final by either administrative or judicial action.") (quoting *Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir.2009)). The prior decision was not a final determination when remanded by the Appeals Council. And the subsequent determination utilized additional evidence that was not part of the first decision. Thus, Plaintiff's arguments regarding res judicata or claim preclusion warranting a remand fail.

Plaintiff also cites to Social Security Rule 19-4p, which provides guidance on how the MDI of a primary headache disorder is established and evaluated. Plaintiff argues the ALJ should have followed this Rule because it is "developed through the implementation of the SSA disability system" and is "applicable because it is a summary of the law to guide ALJs." (ECF No. 22 p. 5.) The court disagrees. SSR 19-4p was not applicable until August 2019, well after the June 2018 decision at issue here. Expecting an ALJ to apply future unknown rules is unfeasible and unreasonable even if they are based on the rules that were applicable at the time of an application. This does not warrant a remand.

The ALJ found Plaintiff's headaches "are non-medically determinable and/or non-severe." (Tr. 1169). In support the ALJ considered the medical record which

5

included, no medications being prescribed for migraine headaches, no evaluation by a neurologist for migraine headaches, complaints of headaches associated with neck pain after a motor vehicle accident prior to Plaintiff's alleged onset date, a visit to the emergency room for treatment of a severe headache in 1991, over a decade before the alleged onset date, and a lack of other treatment for migraines especially since the alleged onset date in August 2006. (Tr. 1169). The ALJ also discussed lay testimony and Plaintiff's headache logs that were also provided during a prior hearing. The headache logs failed to include an explanation of specific symptoms or whether they were accompanied by other common symptoms of migraines such as blurred vision, dizziness, or nausea. Consistent with the regulations and case law, the ALJ found that to establish an MDI requires more than symptoms alone or a claimant's allegations regarding symptomatology.

The court finds the ALJ adequately considered Plaintiff's headaches. The record does not support Plaintiff's argument that the ALJ "cherry picked some 'facts' from the opinions he found to be unreliable, when they advanced his denial analysis; and conversely, ignored portions of opinions that did not support his denial of benefits that he found reliable and were entitled to 'great weight.'" (ECF No. 30 p. 3.) And this is not a case where "the ALJ's selective and minimalist discussion of the medical evidence did not satisfy the rigorous standard for rejecting a consulting physician's opinions." *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 643 (10th Cir. 2018).

Moreover, even if the court found error here, which it does not, "the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th

Cir. 2016). Here, the ALJ found four other impairments severe. And the ALJ also considered Plaintiff's headaches in the RFC determination later in his decision. There is no error in the ALJ's analysis of Plaintiff's headaches.

### (ii) Plaintiff's arthritic hands

In similar fashion, Plaintiff's alleged errors regarding the ALJ's consideration of her arthritic hands in not supported by the record. The small amount of evidence concerning arthritic hands was from an unacceptable medical source, was not prevalent from other sources, and the ALJ correctly noted a lack of objective clinical findings in the record or imagining studies. While the court is sympathetic to the alleged "economic circumstances" that may have prevented her from obtaining more evidence, this is a not a proper basis for a remand. (ECF No. 30 p. 21.) Plaintiff did not consistently mention this alleged ailment to the providers she did visit with in the record. This argument fails.

### (iii) Plaintiff's PTSD

Next, Plaintiff takes issue with the ALJ's PTSD determination arguing the ALJ "substituted his expertise of the medical experts in [their] analysis of [Plaintiff's] PTSD." (ECF No. 22 p. 9.) As to step two, this argument fails because the ALJ found PTSD to be a severe impairment. This argument is better construed as an argument regarding Plaintiff's RFC and is addressed herein.

## B. Plaintiff's arguments concerning her RFC determination are unavailing

The ALJ provided extensive discussion in determining Plaintiff's RFC. This included considering the findings of multiple medical sources in the record. Some of those medical findings support Plaintiff's argument of a more restrictive RFC, while others, support a more conservative view, and the ALJ's RFC determination. For

example, the findings of Dr. Taggart, Dr. Burkett, Dr. Gill, Dr. Barnett, Dr. Enright, Dr. Nelson, Dr. Stevens and Dr. Johnson support the ALJ's RFC. In contrast, the findings of Dr. Jonathan Ririe and Dr. Mejia support a more restricted view. The ALJ discounted Dr. Ririe's opinion because it was from six years prior to the alleged onset date. The ALJ also considered the opinions of Dr. Juan Mejia. Dr. Mejia saw Plaintiff 18 times from November 2009 through April 2010 to consider her mental status. The ALJ discounted his opinions due to using checklist forms, the lack of objective support for his opinions, his reliance on subjective information including from Plaintiff's mother, internal inconsistencies in his reports, and two psychological tests administered by Dr. Mejia that provided no evidence of permanent neuropsychological damage. (Tr. 1175-76).

      Plaintiff argues the ALJ improperly considered the opinions of Dr. Ririe and Mejia. On the current record, this is an invitation to reweigh and favor evidence that supports Plaintiff's view of the case. The court reviews the sufficiency of the evidence, not its weight. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007). Here there is enough evidence to support the ALJ's RFC determination. An ALJ is to discuss the "evidence supporting his decision, [and] the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007) (citation and quotation omitted). This is exactly what the ALJ did in determining Plaintiff's RFC. *See Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003) (noting that under the regulations an ALJ must "'give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion.'") (citation omitted).

8

The ALJ performed a similar analysis concerning Plaintiff's other serious and non-serious conditions. For example, the ALJ noted evidence regarding headaches, considered lay testimony and Plaintiff's work history, and evaluated Plaintiff's own statements. Plaintiff offers no authority for her argument that the ALJ improperly dismissed or discounted lay testimony that was not supported by objective evidence. (ECF No. 30 p. 26.) And there is nothing in the regulations that allows an ALJ to rely on lay testimony instead of objective evidence to render an applicant disabled. In fact, to do so, would be error. In short, there is nothing before the court warranting a remand based on the ALJ's RFC determination.

**C. Other arguments**

Plaintiff argues that ALJ failed to develop the administrative record because the ALJ did not order a consultative neurological examination and failed to request a medical expert on PTSD. Curiously, Plaintiff's counsel entered numerous objections during a prior ALJ hearing when the testimony of an independent medical experts was taken.[5]

Because social security hearings are nonadversarial "'the ALJ has a duty to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Wall v. Astrue*, 561 F.3d 1048, 1062–63 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007)). Yet, the ALJ does not need to "exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997). Instead, the standard is one of reasonable good judgment and the duty to develop the record is

---

[5] In the current case, the ALJ noted as part of his decision that he addressed Plaintiff's counsel's "numerous objections and evidentiary requests."

9

confined to fully and fairly develop it as to material issues. *See id.* Regarding consultative exams, "the ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Id.* at 1169.

On the current record, the court finds there was sufficient information for the ALJ to make a disability determination without need for ordering another consultative exam. The record is replete with exams from consultative physicians and psychologists concerning PTSD and neurological concerns. There were also medical experts who testified at prior hearings. All these opinions became part of the large record regarding Plaintiff's conditions. Another examination would not have been of material assistance in adding to the large amount of evidence. Thus, there is no error here.

## CONCLUSION AND ORDER

In sum, the ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied. Accordingly, for the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 1 March 2023.

_____
Dustin B. Pead
United States Magistrate Judge